# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MARSHALL JOHN DISNEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CV406-284 |
| THOMAS AMMONS, Warden, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Respondent has filed a motion to dismiss petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus on the ground that it is untimely. Doc. 11. For the following reasons, the Court recommends that respondent's motion be GRANTED and the petition be DISMISSED.

## I. BACKGROUND

Petitioner was indicted by a Chatham County grand jury on February 18, 1998 for five counts of child molestation, aggravated child molestation, aggravated sodomy, aggravated sexual battery, and sexual exploitation of

a minor. Resp. Ex. 2. On July 20, 1998, petitioner pleaded guilty to the aforementioned charges pursuant to a negotiated guilty plea agreement. Id. Upon entry of his guilty plea, the trial court sentenced petitioner to a total of fifteen years' imprisonment. Id. Petitioner filed a state habeas petition in the Johnson County Superior Court on September 8, 2004. Resp. Ex. 1. After an evidentiary hearing, the state habeas court denied relief on May 20, 2005. Resp. Ex. 3. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on April 26, 2006. Resp. Ex. 4. Petitioner executed the instant petition pursuant to 28 U.S.C. § 2254 on November 27, 2006. Doc. 1.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. In the absence of (1) an impediment to seeking federal habeas relief created by illegal state action, (2) the recognition of a new retroactively applied principle of constitutional law by the United States Supreme Court, or (3) a factual basis for habeas

corpus relief that was not discoverable before the running of the limitations period, the one-year limitations period begins to run on the date that the state conviction becomes final for those prisoners whose convictions became final after the AEDPA went into effect. 28 U.S.C. § 2244(d)(1). A conviction becomes final when direct review is concluded or when the time allotted for seeking direct review has expired. 28 U.S.C. § 2244(d)(1)(A); see also Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000). The one-year limitation period is also tolled while a prisoner seeks state habeas corpus relief. Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

Petitioner pleaded guilty on July 20, 1998. Therefore his conviction became final on August 19, 1998, after the thirty-day period for filing a notice of appeal with the Georgia Court of Appeals expired. O.C.G.A. § 5-6-38; Coates, 211 F.3d at 1226; see also Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003). At that point, the one-year limitation period under AEDPA began to run, and the period of limitations expired a year later on August 19, 1999. Although petitioner filed his state habeas petition on September 8, 2004, that filing did not operate to toll the one-year limitations period because the period had already expired. Petitioner has

not alleged any other grounds for tolling of the limitations period. Consequently, petitioner's § 2254 petition for habeas relief in this Court is untimely and should be dismissed.

## III. CONCLUSION

Based upon the foregoing, respondent's motion to dismiss the instant § 2254 petition as untimely should be GRANTED and the petition should be DISMISSED.

SO REPORTED AND RECOMMENDED this 9th day of March, 2007.

UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA