IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARSHALL JOHN DISNEY, )
)
Petitioner, )
)
vs. ) Case No. CV406-284
)
THOMAS AMMONS, Warden, )
)
Respondent. )

## ORDER

On November 27, 2006, Petitioner Marshall John Disney filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition as untimely. After allowing Petitioner the opportunity to respond, Magistrate Judge G.R. Smith conducted a thorough review of the motion and found that Petitioner's § 2254 petition for habeas relief was untimely by more than six years. (Doc. 15.) Accordingly, the Magistrate recommended that the petition be dismissed.

Petitioner has filed an objection to the recommended disposition of his case wherein he argues that he is entitled to equitable tolling. Specifically, he contends that he was denied due process of law because his counsel did not advise him of his appellate rights and the applicable time limits. He maintains that this alleged failure should excuse the untimeliness of his federal habeas petition.

As Respondent submits in his responsive briefs, equitable tolling is a highly unusual remedy that is permitted only sparingly. Jones v. United States, 304 F.3d 1035, 1038-39 (11th Cir. 2002). It is appropriate "when a movant untimely filed because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The movant bears the burden of demonstrating these extraordinary circumstances. Jones, 304 F.3d at 1040.

The allegations in Petitioner's objections do not establish a basis for equitable tolling. At most, Petitioner offers an explanation for the tardiness of his direct appeal, not his habeas petition. Moreover, he has failed to make any showing that he was diligent in following up or requesting information pertaining to his guilty plea. On the face of the record, it appears that Petitioner sat idle for over six years before deciding to attack his conviction.

Accordingly, after a careful de novo review, the Court concurs with the Magistrate Judge's recommendations regarding this case. Respondent's motion to dismiss is **GRANTED**. The instant petition is **DISMISSED**, and the Clerk is **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 11th day of June, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA